UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOYCE HAMLETT and
LETRICIA HAMLETT (Disabled Daughter),

                                     Plaintiffs,

                - against -

SANTANDER CONSUMER USA, INC.,
HSBC AUTO FINANCE, HSBC AUTO CREDIT, INC.

                                Defendants.
------------------------------------------------------------------------X

No. 11-CV-6106 (JFB) (GRB)

**AMENDED
ANSWER**

        Defendants Santander Consumer USA Inc. ("Santander") and HSBC Finance Corp. (s/h/a HSBC Auto Finance, and HSBC Auto Credit Inc.) (collectively, "Defendants"), by their attorneys Reed Smith LLP and Stroock & Stroock & Lavan LLP, respectively, answer the Amended Complaint of plaintiffs Joyce Hamlett and Letricia Hamlett ("Plaintiffs"), dated March 12, 2012 (the "Amended Complaint"), as follows:

## INTRODUCTION

        1.      Admit that, in this action, Plaintiffs seek damages for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA").  However, Defendants deny that they have violated the FDCPA and/or TCPA.

## JURISDICTION AND VENUE

        2.      The jurisdiction allegations contained in paragraph 2 of the Amended Complaint consist solely of legal conclusions to which no response is required.  Defendants deny that Plaintiffs are entitled to declaratory relief.

        3.      The venue allegations contained in paragraph 3 of the Amended Complaint consist solely of legal conclusions to which no response is required.

## PARTIES

4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Complaint.

5.    Admit that Santander is a corporation organized and existing under the laws of the state of Illinois with a principal place of business in Texas, but deny the remaining allegations contained in paragraph 5 of the Amended Complaint.

6.    Deny the allegations contained in paragraph 6 of the Amended Complaint.

7.    Admit that plaintiff Joyce Hamlett purchased a vehicle pursuant to a Loan Repayment and Security Agreement, dated January 3, 2008, between Joyce Hamlett and HSBC Auto Credit Inc. (the "Loan Repayment and Security Agreement"), but deny the remaining allegations contained in paragraph 7 of the Amended Complaint.

8.    Deny the allegations contained in paragraph 8 of the Amended Complaint.

9.    Deny the allegations contained in paragraph 9 of the Amended Complaint.

## FACTUAL ALLEGATIONS

10.    Deny the allegations contained in paragraph 10 of the Amended Complaint.

11.    Deny knowledge or information sufficient to form a belief as to whether the subject of the transaction referenced in paragraph 11 of the Amended Complaint was "primarily for personal, family and/or household purposes."  Defendants deny the remaining allegations contained in paragraph 11 of the Amended Complaint.

12.    Admit that plaintiff Joyce Hamlett purchased a vehicle pursuant to the Loan Repayment and Security Agreement and admit that Santander became the owner of Joyce Hamlett's account effective August 27, 2012, but deny the remaining allegations contained in paragraph 12 of the Amended Complaint.

13.     Deny the allegations contained in paragraph 13 of the Amended Complaint.

14.     Deny the allegations contained in paragraph 14 of the Amended Complaint.

15.     Admit that plaintiff Joyce Hamlett purchased a vehicle pursuant to the Loan Repayment and Security Agreement and respectfully refer the Court to the Loan Repayment and Security Agreement for a full and complete statement of its terms.  Defendants deny any allegations that are contradicted by, or inconsistent with, the express terms of the Loan Repayment and Security Agreement.

16.     Deny the allegations contained in paragraph 16 of the Amended Complaint and respectfully refer the Court to the referenced Loan Repayment and Security Agreement for a full and complete statement of its terms.

17.     Deny the allegations contained in paragraph 17 of the Amended Complaint and respectfully refer the Court to the referenced installment statement for a full and complete statement of its terms.

18.     Deny knowledge or information sufficient to form a belief as to when plaintiff Joyce Hamlett received the installment statement referenced in paragraph 18 of the Amended Complaint and respectfully refer the Court to the referenced installment statement for a full and complete statement of its terms.

19.     Deny the allegations contained in paragraph 19 of the Amended Complaint.

20.     Defendants respectfully refer the Court to the installment statement referenced in paragraph 20 of the Amended Complaint and deny any allegations that are contradicted by, or inconsistent with, the express terms of the referenced installment statement.

21.     Defendants respectfully refer the Court to the installment statement referenced in paragraph 21 of the Amended Complaint and deny any allegations that are contradicted by, or inconsistent with, the express terms of the referenced installment statement.

22.     Defendants respectfully refer the Court to the installment statement referenced in paragraph 22 of the Amended Complaint and deny any allegations that are contradicted by, or inconsistent with, the express terms of the referenced installment statement.

23.     Defendants respectfully refer the Court to the installment statement referenced in paragraph 23 of the Amended Complaint and deny any allegations that are contradicted by, or inconsistent with, the express terms of the referenced installment statement.

24.     Deny the allegations contained in paragraph 24 of the Amended Complaint.

25.     Deny knowledge or information sufficient to form a belief as to when plaintiff Joyce Hamlett received the installment statement referenced in paragraph 25 of the Amended Complaint and respectfully refer the Court to the referenced installment statement for a full and complete statement of its terms.  Defendants deny the remaining allegations contained in paragraph 25 of the Amended Complaint.

26.     Admit that Santander received certain payments from plaintiff Joyce Hamlett; however, Defendants affirmatively state that plaintiff Joyce Hamlett defaulted under the Loan Repayment and Security Agreement by failing to pay all required installments when due. Defendants deny the remaining allegations contained in paragraph 26 of the Amended Complaint.

27.     Admit that, on certain occasions, plaintiff Joyce Hamlett contacted Santander, but deny the allegations contained in paragraph 27 of the Amended Complaint.

28.     Admit that, on certain occasions, plaintiff Joyce Hamlett contacted Santander, but deny the allegations contained in paragraph 28 of the Amended Complaint.  Defendants specifically deny that they violated the FDCPA or any other statute.

29.     Deny the allegations contained in paragraph 29 of the Amended Complaint.

30.     Deny the allegations contained in paragraph 30 of the Amended Complaint.

31.     Deny the allegations contained in paragraph 31 of the Amended Complaint.

32.     To the extent the allegations contained in paragraph 32 of the Amended Complaint purport to describe a written document, Defendants respectfully refer the Court to that document and deny any allegations inconsistent therewith.  To the extent a response is required, Defendants deny the allegations contained in paragraph 32 of the Amended Complaint.

33.     To the extent the allegations contained in paragraph 33 of the Amended Complaint purport to describe written documents, Defendants respectfully refer the Court to those documents and deny any allegations inconsistent therewith.  To the extent a response is required, Defendants deny the allegations contained in paragraph 33 of the Amended Complaint.

34.     Deny the allegations contained in paragraph 34 of the Amended Complaint.

35.     Deny the allegations contained in paragraph 35 of the Amended Complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Amended Complaint.

37.     To the extent the allegations contained in paragraph 37 of the Amended Complaint purport to describe a written document, Defendants respectfully refer the Court to that document and deny any allegations inconsistent therewith.  To the extent a response is required, Defendants deny the allegations contained in paragraph 37 of the Amended Complaint.

38.     Deny the allegations contained in paragraph 38 of the Amended Complaint.

39. Deny the allegations contained in paragraph 39 of the Amended Complaint.

40. Deny the allegations contained in paragraph 40 of the Amended Complaint.

41. Deny the allegations contained in paragraph 41 of the Amended Complaint.

42. Deny the allegations contained in paragraph 42 of the Amended Complaint.

43. Deny the allegations contained in paragraph 43 of the Amended Complaint.

44. Deny the allegations contained in paragraph 44 of the Amended Complaint.

45. Deny the allegations contained in paragraph 45 of the Amended Complaint.

## AS TO FIRST CAUSE OF ACTION

46. Defendants incorporate herein the answers to the averments contained in paragraphs 1 through 45 as though set forth in full herein.

47. The allegations contained in paragraph 47 of the Amended Complaint, including the allegations in subparts (A) through (D) of paragraph 47, consist solely of legal conclusions to which no responses are required. To the extent responses are required, Defendants deny the allegations contained in paragraph 47, including the allegations in subparts (A) through (D) of paragraph 47.

## AS TO SECOND CAUSE OF ACTION

48. Defendants incorporate herein the answers to the averments contained in paragraphs 1 through 47 as though set forth in full herein.

49. The allegations contained in paragraph 49 of the Amended Complaint consist solely of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 49 of the Amended Complaint.

50.     The allegations contained in paragraph 50 of the Amended Complaint consist solely of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 50 of the Amended Complaint.

51.     The allegations contained in paragraph 51 of the Amended Complaint consist solely of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 51 of the Amended Complaint.

52.     The allegations contained in paragraph 52 of the Amended Complaint consist solely of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 52 of the Amended Complaint.

## AS TO THIRD CAUSE OF ACTION

53.     Defendants incorporate herein the answers to the averments contained in paragraphs 1 through 52 as though set forth in full herein.

54.     Deny the allegations contained in paragraph 54 of the Amended Complaint.

55.     Deny the allegations contained in paragraph 55 of the Amended Complaint.

56.     Deny the allegations contained in paragraph 56 of the Amended Complaint.

## AS TO FOURTH CAUSE OF ACTION

57.     Plaintiffs' Fourth Cause of Action, for invasion of privacy by intrusion upon seclusion, was dismissed by the Court in its Order dated March 19, 2013.  Accordingly, Defendants submit no responses to the allegations contained in paragraphs 57 through 63 of Plaintiffs' Amended Complaint, which relate only to Plaintiffs' now-dismissed Fourth Cause of Action.

58.     Deny the allegations contained in the WHEREFORE clause immediately following paragraph 63 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1.      The Amended Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2.      The Amended Complaint is barred by Plaintiffs' own breach of contract.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3.      Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiffs' claims are barred by the doctrine of laches.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiffs' claims are barred by the doctrine of unclean hands.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiffs' claims are barred the statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate their alleged damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiffs' claims are barred by the statue of frauds.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9.      Defendants are not proper parties to this action.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

10.      The alleged actions of Defendants were not the proximate cause of any injury or loss allegedly suffered by Plaintiffs.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

11.      Plaintiffs' cause of action for violation of the Telephone Consumer Protection Act is barred on the grounds that Defendants had prior express consent of the called parties to contact their cellular phones.

**WHEREFORE**, Defendants demand a judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated: August 1, 2014
       New York, New York

REED SMITH LLP

By:   /s/ Casey D. Laffey              

Casey D. Laffey, Esq.
Pamela L. Schoenberg, Esq.
599 Lexington Avenue, 22nd Floor
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450

*Attorneys for Santander Consumer USA, Inc.*

STROOCK & STROOCK & LAVAN LLP

By:   /s/ Lisa M. Simonetti            

Lisa M. Simonetti, Esq. (*Admitted Pro Hace Vice*)
Arjun P. Rao, Esq. (*Admitted Pro Hace Vice*)
Ani Azadian, Esq. (*Admitted Pro Hace Vice*)
2029 Century Park East
Los Angeles, CA 90067
Tel. (310) 556-5800
Fax. (310) 556-5959

Raymond A. Garcia, Esq.
180 Maiden Lane
New York, NY 10038
Tel. (212) 806-5400
Fax. (212) 806-6006

*Attorneys for Defendant HSBC Finance Corp.*
*(s/h/a HSBC Auto Finance and HSBC Auto Credit,*
*Inc.*)