

**Casey D. Laffey**
Direct Phone: +1 212 549 0389
Email: claffey@reedsmith.com

599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

September 2, 2014

**VIA ECF**

Hon. Joseph F. Bianco
United States District Court,
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: **Joyce Hamlett and Letricia Hamlett v. Santander Consumer USA Inc., HSBC Auto Finance, HSBC Auto Credit Inc., No. 11-CV-6106 (JFB) (GRB)**

Dear Judge Bianco:

We represent defendant Santander Consumer USA, Inc. ("Santander") in the above-referenced action. We write, pursuant to ¶ III(A) of Your Honor's Individual Rules, to respectfully request a pre-motion conference and/or leave to file a motion pursuant to Fed. R. Civ. P. 56, for summary judgment dismissing with prejudice plaintiffs Joyce and Letricia Hamlett's ("Plaintiffs") Amended Complaint (the "Complaint").

As a threshold matter, we submit this letter without prejudice to Defendants' pending motion, filed with the Court on April 3, 2014 (Docket No. 72), seeking to stay this action under the primary jurisdiction doctrine. As set forth fully in that motion, given the likelihood that the relevant guidance from the Federal Communications Commission (the "FCC") on certain key issues concerning the Telephone Consumer Protection Act (the "TCPA") may be forthcoming, we respectfully request that this action be stayed pending such guidance. Nonetheless, we submit the instant letter should the Court decide not to stay this action under the primary jurisdiction doctrine and wish to move forward with entertaining the merits of this action.

As to the merits of the instant application, as set forth fully below, there are no genuine issues of material fact in dispute concerning Santander's defenses to each of Plaintiffs' claims. Specifically, fact discovery – which was completed on August 29, 2014 under the Court's June 13, 2014 Scheduling Order – has revealed that there is no dispute concerning Santander's affirmative defense to Plaintiffs' TCPA claim that it had consent to call the cell phone numbers at issue in this action. Likewise, discovery has confirmed that there are no genuine issues of material fact in dispute concerning Plaintiffs' Fair Debt Collections Practices Act ("FDCPA") and intentional infliction of emotional distress ("IIED") claims, and that Plaintiffs cannot sustain those claims.

For all of these reasons and those set forth below, Santander is entitled to entry of summary judgment dismissing each of Plaintiffs' claims as a matter of law.

ReedSmith

Hon. Joseph F. Bianco
September 2, 2014
Page 2

## I. Legal Standard

As this Court is well aware, pursuant to Federal Rule of Civil Procedure 56, the Court is empowered to grant summary judgment when the moving party demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 196 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Summary judgment is appropriate when, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, "no reasonable trier of fact could find in favor of the non-moving party." *Lund's, Inc. v. Chemical Bank*, 870 F.2d 840, 844 (2d Cir. 1989).

Once the moving party meets its initial burden to show the lack of a genuine issue as to any material fact, the burden shifts to the non-movant to demonstrate the existence of a factual issue requiring a trial. *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 88 S. Ct. 1575, 20 L. Ed. 2d 569 (1968). The non-movant's showing must consist of admissible evidence and cannot merely consist of unsubstantiated allegations or assertions. *See United Magazine Co. v. Murdoch Magazines Distrib., Inc.*, 393 F. Supp. 2d 199, 211 (S.D.N.Y. 2005) ("[A] self-serving affidavit that merely reiterates conclusory allegations in affidavit form is insufficient to preclude summary judgment."); *see also Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996) ("[F]actual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial.").

## II. Santander is Entitled to Summary Judgment on Plaintiffs' Claims for Violations of the FDCPA and TCPA and for Intentional Infliction of Emotional Distress

Discovery has confirmed that there are no genuine issues of material fact concerning Plaintiffs' claims and Santander's defenses thereto and expert discovery is not necessary to dispose of Plaintiffs' claims as a matter of law.

### A. Summary Judgment Should Be Granted in Favor of Santander on Plaintiffs' TCPA Claim

*First*, Plaintiffs' claim against Santander for violating the TCPA must be dismissed as a matter of law based on the prior express consent defense. Specifically, fact discovery confirmed that Santander had prior express consent to contact the called parties at each of the subject cellular phone numbers at issue in this action: 516-808-0508, 516-567-6837 and 516-902-2652. In particular, discovery confirmed that Joyce Hamlett provided consent to HSBC and Santander to be contacted on her cellular phone associated with the number 516-808-0508, and verified on several occasions that Santander could continue calling her at the number. Discovery also confirmed that Santander received consent to contact the other alleged cellular phones at issue herein, associated with the numbers 516-567-6837 and 516-902-2652, prior to any calls being placed to those numbers. These facts are unrefuted by any discovery produced by the Plaintiffs.

As the prior express consent of a called party is an absolute defense to TCPA claims, Plaintiffs are precluded from asserting their TCPA claim, and it should be dismissed. *See Saunders v. NCO Financial Systems, Inc.*, 910 F. Supp. 2d 464, 468-69 (E.D.N.Y. 2012); *see also Kenny v. Mercantile Adjustment Bureau, LLC*, 2013 WL 1855782, at *6 (W.D.N.Y. May 1, 2013). Thus, Santander is entitled to summary judgment dismissing Plaintiffs' TCPA claim.

Hon. Joseph F. Bianco
September 2, 2014
Page 3



**B.      Summary Judgment Should Be Granted in Favor of Santander on Plaintiffs' FDCPA Claim**

*Second*, Plaintiffs' cause of action against Santander for violation of the FDCPA fails for several reasons.  As one example, Plaintiffs allege in the Amended Complaint, in bare and conclusory fashion, that Santander violated six subsections of the FDCPA: 15 U.S.C. §§ 1692b, 1692c, 1692d, 1692e, 1692f, and 1692g.  However, the account notes and call records produced by Santander during discovery refute each of Plaintiffs' allegations made in support of those claims.  Moreover, Plaintiffs did not produce any evidence in discovery to support those allegations.  Accordingly, there is no genuine issue of material fact that Santander is entitled to summary judgment on Plaintiffs' claim under the FDCPA.

**C.      Summary Judgment Should Be Granted for Santander on Plaintiffs' Intentional Infliction of Emotional Distress ("IIED") Claim**

*Finally*, Santander is entitled to summary judgment dismissing Plaintiffs' IIED claim – a claim that should have never been asserted in the first place – as Plaintiffs failed utterly to satisfy the very high bar require to assert such a claim.  *See Conboy v. AT&T Corp.*, 241 F.3d 254, 258–59 (2d Cir. 2001).

Specifically, under New York law, a plaintiff must demonstrate the following elements of this tort: (1) extreme and outrageous conduct, (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress.  *Id.*  Significantly, plaintiffs must come forward with medical evidence to support their claim of emotional distress; testimonial evidence is insufficient to satisfy the burden of proof.  *See Crews v. Cnty. of Nassau*, 06-CV-2610 (JFB) (GRB), 2014 WL 558696, at *19 (E.D.N.Y. Feb. 11, 2014); *Singh v. U.S. Security Assocs., Inc.*, No. 03 Civ. 2059 (FM), 2005 WL 236511, at *14 (S.D.N.Y. Feb. 1, 2005).

Here, discovery confirmed that Plaintiffs are unable to satisfy any of these elements.  Specifically, discovery confirmed that neither Joyce nor Letricia Hamlett sought or received medical treatment as a result of any actions by Santander.  Moreover, as revealed through discovery, Plaintiffs' outlandish allegations that Santander called Plaintiffs in excess of 9,500 times in an eleven-month period and left threatening voicemails prove to be nothing more than gross fabrications lacking any basis in reality (*see* Compl. ¶ 34).  In light of Santander's receipt of prior express consent to contact each of the cellular phone numbers at issue, and the relevant call records which demonstrate that the actual number of calls made by Santander to those cell phone numbers are a mere fraction of what was alleged, Plaintiffs cannot sustain their claim of IIED.

For all of these reasons, and those that will be set forth fully in Santander's moving papers, summary judgment should be entered dismissing all claims against Santander with prejudice.  As for timing for the proposed motion, should this Court decide not to stay this action under the primary jurisdiction doctrine, we would be prepared to file our moving papers within one week of the Court "so ordering" the instant application.  We are also available for a pre-motion conference at the Court's convenience should the Court believe a pre-motion conference is warranted prior to briefing of the proposed motion.

Hon. Joseph F. Bianco
September 2, 2014
Page 4



      We thank the Court for its attention to this matter.


Respectfully Submitted,

/s/ Casey D. Laffey

Casey D. Laffey


cc:    Stephen Taylor, Esq. (via ECF)
        Sergei Lemberg, Esq. (via ECF)
        Lisa Simonetti, Esq. (via ECF)
        Arjun Rao, Esq. (via ECF)
        Ani Azadian, Esq. (via ECF)
        Ray Garcia, Esq. (via ECF)
        Benjamin Diehl, Esq. (via ECF)