# STROOCK

<u>By ECF</u>

September 3, 2014

Lisa M. Simonetti
Direct Dial: 310-556-5819
Direct Fax: 310-407-6319
lsimonetti@stroock.com

The Honorable Joseph F. Bianco
United States District Court,
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: **Joyce Hamlett and Letricia Hamlett v. Santander Consumer USA Inc., et al., Case No. 11-cv-6106 (JFB)(GRB)**

Dear Judge Bianco:

Our office represents defendant HSBC Finance Corp., s/h/a HSBC Auto Finance and HSBC Auto Credit Inc. ("HSBC") in the above-referenced action. We write, pursuant to ¶ III(A) of Your Honor's Individual Rules, to respectfully request a pre-motion conference and/or leave to file a motion dismissing all claims against HSBC pursuant to Fed. R. Civ. P. 12(c) and 8(a)(2), or in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56.[1]

The Court should dismiss all claims against HSBC under 12(c) and 8(a)(2) given the fact that plaintiff Joyce and Letricia Hamlett's ("Plaintiffs") allegations in the Amended Complaint (the "Complaint") are directed specifically toward defendant Santander Consumer USA, Inc. ("Santander"), not HSBC. Tellingly, Plaintiffs' request for relief seeks relief from Santander <u>only</u>. Therefore, the Court should enter judgment on the pleadings against Plaintiffs and in favor of HSBC.

Even if the Court does not grant HSBC's motion under 12(c) and 8(a)(2) and

---

[1] HSBC submits this letter without prejudice to Defendants' pending motion to stay filed on April 3, 2014 (Dkt. No. 72).

LA 51792531v4

STROOCK & STROOCK & LAVAN LLP · LOS ANGELES · NEW YORK · MIAMI · WASHINGTON, DC
2029 CENTURY PARK EAST, LOS ANGELES, CA 90067-3086 TEL 310.556.5800 FAX 310.556.5959 WWW.STROOCK.COM

The Honorable Joseph F. Bianco
September 3, 2014
Page 2

finds that the Complaint somehow properly alleges actionable conduct by HSBC, which it does not, the Court should nevertheless enter summary judgment dismissing each of Plaintiffs' claims as a matter of law. Specifically, discovery has revealed that there is no dispute concerning HSBC's affirmative defense to Plaintiffs' TCPA claim that it had consent to call the cell phone numbers at issue in this action. Likewise, discovery has confirmed that there are no genuine issues of material fact in dispute concerning Plaintiffs' Fair Debt Collections Practices Act ("FDCPA") and intentional infliction of emotional distress ("IIED") claims, and that Plaintiffs cannot sustain those claims. For all of these reasons and those set forth below, HSBC is entitled to entry of summary judgment.

# Dismissal Pursuant To Rule 12(c) And 8(a)(2)

## I. All Claims Against HSBC Must Be Dismissed Under Rule 12(c)

Under Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Motions for judgment on the pleadings are governed by the same standards applicable to Rule 12(b)(6) motions to dismiss for failure to state a claim upon which relief may be granted. In re Ades and Berg Grp. Investors, 550 F.3d 240, 243 n. 4 (2d Cir. 2008). The granting of a motion for judgment on the pleadings is appropriate only if, with all reasonable inferences drawn in favor of the non-moving party, the non-moving party has failed to allege facts that would give rise to a plausible claim or a plausible defense. Ashcroft v. Iqbal, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The Court is "not bound to accept as true legal conclusions couched as factual allegations." LaFaro v. N.Y. Cardiothoracic Grp., PLLC, 570 F.3d 471, 476-77 (2d Cir. 2009). "'[B]ald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations'" and will not defeat the motion. Gavish v. Revlon, Inc., No. 00-CV-7291, 2004 WL 2210269, at *10 (S.D.N.Y. Sept. 30, 2004) (quoting Citibank, N.A. v. Itochu Int'l, Inc., No. 01-CV-6007, 2003 WL 1797847, at *1 (S.D.N.Y. Apr. 4, 2003)).

Here, Plaintiffs' allegations in the Complaint and request for relief are unequivocally directed at Santander, not HSBC. First, Plaintiffs specifically define "Defendant" to mean Santander and either use the term Defendant or Santander throughout the Complaint. (Compl. ¶ 9) ("All references to 'Defendant' herein shall mean the Defendant or an employee of the Defendant (Santander)."). Second, in their request for relief, Plaintiffs specifically "request[] that judgment be entered against

The Honorable Joseph F. Bianco
September 3, 2014
Page 3

Defendant, Santander[,]" with no mention of HSBC. (Id. at p.12.) Finally, the paragraphs that do mention HSBC, or are possibly related to HSBC,[2] simply provide a chronological background leading to the purported violations of Santander. (See id. ¶¶ 7, 12, 15-26.) In other words, no allegations that can amount to a violation of the TCPA, FDCPA or IIED are asserted against HSBC. (Id.)

### II. Additionally, All Claims Against HSBC Must Be Dismissed Under Rule 8(a)(2)

Rule 8 of the Federal Rules of Civil Procedure sets out the general pleading standard with which all pleadings must comply: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has fleshed out this statement further, noting that Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft, 556 U.S. at 678, 129 S.Ct. 1937. "Whereas Rule 8 governs pleadings at the outset of a case, Rule 12(b)(6) serves as a type of gatekeeper, preventing claims that fail to satisfy Rule 8's requisites from proceeding onward through the labyrinthine terrain of a case's progression to resolution. For this reason, a '[f]ailure to comply with Rule 8(a) may result in dismissal of a complaint. . . .'" Hughes v. Ester C Co., 930 F. Supp. 2d 439, 455 (E.D.N.Y. 2013) (Bianco, J.) (citing Praseuth v. Werbe, 99 F.3d 402 (2d Cir. 1995).)

Here, other than being named as a defendant in this case, there are no allegations linking HSBC to any specific acts or omissions that harmed Plaintiffs. Plaintiffs merely allege that HSBC was the originator of their loan and that it provided installment statements showing certain balances owed. (See Compl. ¶¶ 7, 12, 15-26.) This, of course, does not satisfy Rule 8(a)(2), which requires a "statement of the claim showing that the pleader is entitled to relief" against HSBC.

Indeed, this Court has held on numerous occasions that a plaintiff's failure to provide specific allegations against a defendant will result in the dismissal of all claims asserted against that defendant. For example in Conte v. Newsday, Inc., 703 F. Supp. 2d 126 (E.D.N.Y. 2010), this Court dismissed "all claims against defendant Springer under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure." Id. at 150. In so doing, this Court reasoned "Springer is mentioned only twice in the complaint—once identifying his position with Newsday and once listing him as a member of an alleged

---

[2] HSBC owned the Loan from on or about January 2008 to August 2010. The Loan was assigned to Santander on August 27, 2010.

The Honorable Joseph F. Bianco
September 3, 2014
Page 4

RICO enterprise. Plaintiff has provided no specific allegations against defendant Springer." Id. (internal citation omitted). Similarly, in Biviano v. Richard, No. 11-CV-1674 (JFB)(ARL), 2011 WL 1579925 (E.D.N.Y. Apr. 26, 2011), this Court held that "plaintiff's complaint falls far short of giving fair notice of his claim as required under Rule 8(a)(2). The series of scattered allegations, with unintelligible identification of the named defendants, is incomprehensible. Defendants cannot be expected to parse plaintiff's complaint into comprehensible legal claims, or even understand factually the nature of plaintiff's allegations against them. . . . Because plaintiff fails to allege facts to support clear claims against the defendants, the complaint fails to satisfy Rule 8 and cannot be sustained in its present form. Therefore, the Court dismisses the complaint." Id. at *3. Moreover, in Bacon v. Suffolk Legislature, No. 05-CV-4307 (JFB)(ETB), 2007 WL 2288044 (E.D.N.Y. Aug. 8, 2007), this Court granted defendant's motion to dismiss pursuant to Rule 12(b)(6) because "plaintiff ha[d] failed to meet the pleading standard of Rule 8." Id. at *8-10. In support, this Court explained "it is unclear from a review of the complaint which defendants committed the acts alleged by plaintiff. The Court is also unable to discern which claims pertain to which specific defendants. Instead, the complaint presents a series of statements and allegations that cannot be parsed, at this point, into comprehensible legal claims." Id. at *7-8.

The same result is required here. Without properly alleging why HSBC is being sued in this action, all claims against HSBC must be dismissed pursuant to Rule 8(a)(2) and 12(c).

## Summary Judgment[3]

### I.   Legal Standard For Summary Judgment

According to Federal Rule of Civil Procedure 56, the Court is empowered to grant summary judgment when the moving party demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323, 196 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). Summary judgment is appropriate when, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, "no reasonable trier of fact could find in favor of the non-moving party." Lund's, Inc. v. Chemical Bank, 870 F.2d 840, 844 (2d Cir. 1989).

---

[3] The grounds for HSBC's anticipated motion for summary judgment are, in large part, identical to those raised by Santander. (See Dkt. No. 107.)

The Honorable Joseph F. Bianco
September 3, 2014
Page 5

Once the moving party meets its initial burden to show the lack of a genuine issue as to any material fact, the burden shifts to the non-movant to demonstrate the existence of a factual issue requiring a trial. First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 88 S. Ct. 1575, 20 L. Ed. 2d 569 (1968). The non-movant's showing must consist of admissible evidence and cannot merely consist of unsubstantiated allegations or assertions. See United Magazine Co. v. Murdoch Magazines Distrib., Inc., 393 F. Supp. 2d 199, 211 (S.D.N.Y. 2005) ("[A] self-serving affidavit that merely reiterates conclusory allegations in affidavit form is insufficient to preclude summary judgment.").

## II. Summary Judgment Should Be Granted In Favor Of HSBC On Plaintiffs' TCPA Claim

Plaintiffs' TCPA claim must be dismissed as a matter of law based on the prior express consent defense. Specifically, fact discovery confirmed that HSBC had prior express consent to contact the called parties at each of the subject cellular phone numbers at issue in this action. As the prior express consent of a called party is an absolute defense to TCPA claims, Plaintiffs are precluded from asserting their TCPA claim, and it should be dismissed. See Saunders v. NCO Financial Systems, Inc., 910 F. Supp. 2d 464, 468-69 (E.D.N.Y. 2012); see also Kenny v. Mercantile Adjustment Bureau, LLC, 2013 WL 1855782, at *6 (W.D.N.Y. May 1, 2013). Thus, HSBC is entitled to summary judgment dismissing Plaintiffs' TCPA claim.

## III. Summary Judgment Should Be Granted In Favor Of HSBC On Plaintiffs' FDCPA Claim

Plaintiffs' claims under 15 U.S.C. §§ 1692b, 1692c, 1692d, 1692e, 1692f, and 1692g of the FDCPA are unsustainable. Specifically, the account notes and call records produced by HSBC during discovery refute each of Plaintiffs' allegations made in support of those claims. Moreover, Plaintiffs did not produce any evidence in discovery to support those allegations. Finally, as HSBC is not a debt collector, the FDCPA does not apply to it. Accordingly, there is no genuine issue of material fact that HSBC is entitled to summary judgment on Plaintiffs' claim under the FDCPA.

## IV. Summary Judgment Should Be Granted For HSBC On Plaintiffs' IIED Claim

Plaintiffs failed to satisfy the heightened standard of asserting an IIED claim. See Conboy v. AT&T Corp., 241 F.3d 254, 258–259 (2d Cir. 2001). Under New York

law, a plaintiff must demonstrate: (1) extreme and outrageous conduct, (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress. Id. Significantly, plaintiffs must come forward with medical evidence to support their claim of emotional distress; testimonial evidence is insufficient to satisfy the burden of proof. See Crews v. Cnty. of Nassau, 06-CV-2610 (JFB) (GRB), 2014 WL 558696 (E.D.N.Y. Feb. 11, 2014); Singh v. U.S. Security Assocs., Inc., No. 03 Civ. 2059 (FM), 2005 WL 236511, at *14 (S.D.N.Y. Feb. 1, 2005).

Here, discovery confirmed that Plaintiffs are unable to satisfy any of these elements. Indeed, neither Joyce nor Letricia Hamlett sought or received medical treatment as a result of any actions by HSBC. Moreover, Plaintiffs' allegations that they were called in excess of 9,500 times in an eleven-month period and left threatening voicemails prove to be nothing more than gross fabrications lacking any basis in reality (see Compl. ¶ 34). In light of HSBC's receipt of prior express consent to contact each of the cellular phone numbers at issue, and the relevant call records which demonstrate that the actual number of calls made by HSBC to those cell phone numbers are a mere fraction of what was alleged, Plaintiffs cannot sustain their claim of IIED.

Accordingly, all claims against HSBC should be dismissed under Rule 12(c) and 8(a)(2) or, in the alternative, under Rule 56. HSBC respectfully requests that adjudication of its anticipated motion be determined after adjudication of Defendants' pending Motion to Stay. Should the Court find that a stay is not warranted, HSBC would be prepared to file its moving papers within one week of the Court "so ordering" the instant application. We are also available for a pre-motion conference at the Court's convenience should the Court believe a pre-motion conference is warranted prior to briefing of the proposed motion.

Respectfully submitted,

Lisa M. Simonetti

cc: Stephen F. Taylor, Esq. (via ECF)
Sergei Lemberg, Esq. (via ECF)

Brian S. Goldberg, Esq. (via ECF)
Casey D. Laffey, Esq. (via ECF)
Daniel A. Schleifstein, Esq. (via ECF)
Pamela L. Schoenberg, Esq. (via ECF)