UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
JOYCE HAMLETT and LETRICIA HAMLETT, :
                                    :
           Plaintiffs,              :      ORDER
                                    :      11-CV-6106 (JFB)(GRB)
           – against –              :
                                    :
SANTANDER CONSUMER USA INC., et al.,:
                                    :
           Defendants.              :
                                    :
                                    :
------------------------------------X

JOSEPH F. BIANCO, District Judge:

By letter dated July 31, 2014, defendant Santander Consumer USA, Inc. ("Santander" or "defendant") moves for sanctions against plaintiffs, pursuant to Fed. R. Civ. P. 11, for the attorneys' fees incurred in preparing a motion to amend the answer, which plaintiffs ultimately did not oppose. Santander claims the plaintiffs' statement in non-opposition after two months of refusing to consent to the amendment "is manifestly frivolous behavior designed to improperly delay this litigation and unnecessarily increase the attorneys' fees and costs incurred by Santander." (Sanctions Motion, at 1.) Plaintiffs oppose and cross-move for sanctions. For the following reasons, the Court denies the motions.

I.    LEGAL STANDARD

Federal Rule of Civil Procedure 11 provides, *inter alia*, that, by submitting a signed pleading, motion or other paper to the Court, a party or attorney "[is] certif[ying] that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Thus, under Rule 11, to avoid the risk of sanctions, a party's counsel must undertake reasonable inquiry to "ensure that papers filed are

1

well-grounded in fact, legally tenable, and not interposed for any improper purpose." *Gal v. Viacom Int'l, Inc.*, 403 F. Supp. 2d 294, 307 (S.D.N.Y. 2005) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)) (internal quotation marks omitted). In considering a motion for sanctions under Rule 11, this Court applies an "objective standard of reasonableness." *See MacDraw v. CIT Grp. Equip. Fin., Inc.*, 73 F.3d 1253, 1257 (2d Cir. 1996) ("In evaluating whether the signer of a filing has violated Rule 11, the district court applies an objective standard of reasonableness, examining whether, under the circumstances of a given case, the signer has conducted a 'reasonable inquiry' into the basis of a filing."). "[R]ule 11 is violated only when it is patently clear that a claim has absolutely no chance of success." *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir. 1986) (internal quotation marks omitted). Additionally, "[w]hen divining the point at which an argument turns from merely losing to losing *and* sanctionable, . . . courts [must] resolve all doubts in favor of the signer" of the pleading. *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993) (internal quotation marks omitted).

II.  DISCUSSION

According to Santander, plaintiffs complained that the answer to the complaint did not sufficiently assert a consent defense on May 15, 2014. Plaintiffs refused to consent to the filing of an amended answer and, after the stay of litigation pending mediation was lifted, Santander requested a pre-motion conference in anticipation of moving to amend the answer. Before the conference on July 7, 2014, plaintiffs did not submit a letter to the Court (nor was any required) explaining why the proposed motion was likely to be unsuccessful. During that conference, the Court set a briefing schedule for the motion, although it indicated that plaintiffs faced an "uphill battle" in challenging the motion. Defendants filed the motion on July 16, 2014, and plaintiffs filed their notice of non-opposition on July 25, 2014. The Court granted the motion on July 28, 2014. Santander claims the only explanation for plaintiffs' change of possession is that they "never intended to oppose the

2

Motion; instead, Plaintiffs merely sought to force Santander to incur unnecessary legal fees and costs in connection with the Motion," a bad faith motive that violates Rule 11. (Sanctions Motion, at 2.)

As an initial matter, the Court is unconvinced that plaintiffs' non-opposition to the motion to amend constitutes the type of written filing covered by Rule 11. Putting aside whether plaintiffs should have consented to the proposed amendment at the outset, because plaintiffs filed their notice of non-opposition, Santander did not have to incur fees and costs for a reply or oral argument. Thus, on its face, the notice of non-opposition itself could not have been "presented for an[] improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Santander's citation to *Fuerst v. Fuerst* for the proposition that "Rule 11 sanctions are appropriate where an attorney or party declines to withdraw a claim 'upon an express request by his or her adversary after learning that [the claim] was groundless" is unavailing. 832 F. Supp. 2d 210, 220 (E.D.N.Y. 2011) (internal quotation marks omitted). There, the court focused on the fact that plaintiff continued to assert his claims and not withdraw the complaint—the written pleading contemplated by Rule 11—despite the lack of a viable basis to do so. *See id.* Santander implicitly recognizes this distinction when it concedes that plaintiffs could not correct any allegedly sanctionable conduct from the filing of the non-opposition within the twenty-one days provided by Rule 11's "safe harbor" provision. *See* Fed. R. Civ. P. 11(c)(2) (A Rule 11(b) motion "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."). Santander's failure to comply with the "safe harbor" provision also is grounds for denial of the motion.[1] *O'Callaghan v. Sifre*, 242 F.R.D. 69, 75 (S.D.N.Y. 2007).

---

[1] In its reply, Santander asserts that the Court could grant the motion pursuant to its inherent power or under 28 U.S.C. § 1927. The Court, in its discretion, declines to impose sanctions under Section 1927 or its inherent powers. With respect to 28 U.S.C. § 1927, first, Santander did not initially move to sanction plaintiffs pursuant to that provision. Second, under that statute, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. To impose sanctions, the attorney's actions must be "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Oliveri v. Thompson*, 803 F.2d at 1273; *see also Agee v. Paramount Commc'ns, Inc.*, 114 F.3d 395, 398 (2d Cir. 1997) (holding that a court "must find clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes" (citing *Oliveri*, 803 F.2d at 1273)). There must also

3

Even assuming *arguendo* that the Court could sanction plaintiffs for filing the notice of non-opposition, there are no grounds to do so in this instance. Santander conclusorily asserts that plaintiffs frivolously withheld their consent and acted in bad faith in order to force it to incur additional attorneys' fees and costs. Santander's only evidence of this, however, is the fact that it believes plaintiffs clearly were aware of Santander's assertion of the defense before May 2014, based on, for example, plaintiffs' request for documents evidencing their consent to have defendant contact them via their telephones. (*See* Motion to Amend, at 4.) Santander does not dispute, however, that it did not explicitly assert this defense in its original answer. In addition, plaintiffs' counsel states that, after the pre-motion conference, plaintiffs reevaluated whether to oppose the motion and chose to file the notice of non-opposition, although they believe the consent defense is meritless and was not properly raised beforehand. It is certainly not sanctionable conduct for an attorney to decide not to oppose (on technical grounds) an amendment adding the consent defense, but rather to simply litigate that defense (which he believes he can show has no merit). Under these circumstances, the Court concludes that there has been no particularized showing of bad faith or frivolous conduct by plaintiffs, or any other grounds for sanctions. Santander speculates otherwise, and plaintiffs' initial inclination to impose the amendment may have been misguided, but that is not enough to justify sanctions under Rule 11, much less under the Court's inherent power or pursuant to 28 U.S.C. § 1927. *See, e.g.*, *Mareno v. Rowe*, 910 F.2d 1043, 1047 (2d Cir. 1990) ("The positions advanced by [plaintiff] and his attorney, however faulty, were not so untenable as a matter of law as to necessitate sanction. Nor did they constitute the type of abuse of the adversary system that Rule 11 was designed to guard against."); *Scientific Components Corp. v. Sirenza Microdevices, Inc.*, No. 03–CV–1851 NGG, 2007 WL 1026411, at *5 (E.D.N.Y. Mar. 30, 2007) ("The court agrees that [the defendant] has been imprudent in choosing to litigate this claim.

---

be a showing of "subjective bad faith of counsel." *MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 73 F.3d 1253, 1262 (2d Cir. 1996); *accord Johnson ex rel. United States v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125–26 (2d Cir. 2011). For the same reasons discussed *infra*, in connection with Rule 11 Santander has not set forth a sufficient basis for sanctions under Section 1927. Similarly, the Court concludes that there is no basis for sanctions under the circumstances of this case under the Court's inherent powers.

However, Rule 11 sanctions are not appropriate where there is a viable claim that is weak."); *Eisenberg v. Yes Clothing Co.*, No. 90 CIV. 8280 (JFK), 1992 WL 36129, at *4 (S.D.N.Y. Feb. 19, 1992) ("Rule 11 sanctions are not to be imposed on every litigant that files a motion that the Court deems premature, or ill-advised, or weak."); *see also Harris v. SCA Rest. Corp.*, NO. 09-CV-2212 (JFB)(ETB), 2014 WL 996249, at *3 (explaining that to award attorneys' fees under inherent power, there must be a particularized showing of bad faith).

Accordingly, Santander's motion for sanctions is denied. Plaintiffs' cross-motion for sanctions also is denied. There is no evidence that Santander filed its motion in bad faith, and its legal arguments are not so untenable as to be unwarranted by existing law or frivolous.

In sum, there is no basis for sanctions against either party, and the cross-motions for sanctions are denied.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: _____
     Central Islip, NY